# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEVIN McKENNA and NASSAU COUNTY NEWS NY,<br><br>Plaintiffs,<br><br>v.<br><br>NASSAU COUNTY, RICHARD J. NICOLELLO, individually and in his official capacity as Presiding Officer of the Nassau County Legislature, NASSAU COUNTY POLICE DEPARTMENT and NASSAU COUNTY POLICE OFFICER JOHN DOE<br><br>Defendants. | 2:23 CV 4286<br><br>COMPLAINT |

## INTRODUCTION

1. This is an action for declaratory, injunctive and monetary damages against Nassau County, Presiding Officer Richard Nicolelloe, Nassau County Police Department and Officer John Doe for the violation of the United States and New York State Constitutions' protection of free speech, freedom of association, and freedom of the press and equal protection.

2. During a meeting of the Nassau County Legislature, Defendant Richard Nicolello singled out journalist Plaintiff Kevin McKenna from a scrum of reporters and ordered Nassau County Police Officers to remove Plaintiff McKenna from the meeting room in retaliation for a comment that Plaintiff McKenna made during a public comment portion of the meeting.

## JURISDICTION

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343 (1)-(4) and 42 U.S.C. §§ 1983, 1985(2), (3) and § 1988 (civil rights statutes) and the First Amendment of the United States Constitution.

4. This Court is authorized to grant declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202, Federal Rules of Civil Procedure 57 and 65, and has general legal and equitable powers.

## VENUE

5. Venue is proper in this Court under 28 U.S.C. § 1391. Plaintiffs further invokes the pendent jurisdiction of this Court to consider claims arising under state law.

## PARTIES

6. Plaintiff Kevin McKenna is a resident of Nassau County and an investigative blogger/journalist with Plaintiff Nassau County NY News, which is an online blog with a vast following of over eighteen thousand (20,000) followers and a general readership on average of over sixty thousand (60,000) views per month.

7. As an illustrative point, Newsday has the highest suburban readership in the entire United States with roughly four hundred thousand (400, 000) readers.

8. Plaintiff Kevin McKenna's footage has been used on most major media outlets on Long Island and most recently his investigative reporting has led to uncovering a major corruption scandal involving the Town of Oyster Bay which has resulted in a Nassau County District Attorney investigation of the Town of Oyster Bay.

9. Thus, the Nassau County NY News with sixty thousand (60,000) average viewers per month and Plaintiff McKenna's investigative journalism constitutes legitimate journalism.

10. Defendant Nassau County is a County in New York State. Nassau County's operations are oversaw by its local government of which the Nassau County Legislature is a governing body which holds regular meetings open to the public.

11. Defendant Richard Nicolello is the Presiding Officer of the Nassau County Legislature.

12. Defendant Nassau County Police Department is the chief Law Enforcement agency of Nassau County and had officers present during Nassau County Legislative meetings.

13. Defendant John Doe Officer is an officer working for the Defendant Nassau County Police Department who was present on the day of the May 23, 2023 meeting.

Facts

14. Plaintiff Kevin McKenna covers most every Nassau County Legislative meeting. He livestreams the events, interviews public officials and writes opinion pieces about the issues at the meetings.

15. Upon information and belief, and because Defendant Nassau County has not responded to FOIL requests asking for its policies regarding the Press, there are no requirements that the Press register with anyone in Nassau County or anyone within the Nassau County Legislature or identify themselves to anyone that they are a member of the Press when covering Nassau County Legislative meetings.

16. Despite no requirements to wear press credentials, Plaintiff McKenna wears press credentials issued by his publication—just as most reporters covering the Nassau County Legislature do.

17. On May 22, 2023, there was a duly convened meeting of the Nassau County Legislature regarding the proposed Las Vegas Sands Casino project.

18. Plaintiff interviewed in the Legislative building elected officials such as Deputy County Executive Arthur Walsh and labor union officials such as Matty Arfich prior to that days meeting.

19. All major media outlets were present such as News 12 Long Island, Newsday, Chanel 4, as well as other independent journalists.

20. All journalists who were photographing or videorecording were permitted to stand at the railing in front of the legislative body.

21. At or around 1pm, there was public comment at which Plaintiff McKenna introduced himself as a journalist of Plaintiff Nassau County NY News. Plaintiff McKenna indicated that he was livestreaming the proceedings for his audience because the Nassau County Live stream of the proceedings are difficult to find; he then directed a question to Defendant Presiding Officer Nicollelo as to why he did not have the Nassau County Public Relations Department the days meeting.

22. Defendant Nicollelo was offended by Plaintiff McKenna's statment, but did not say or do anything at that moment.

23. Subsequently, the Las Vegas Sands executives were going to present and be questioned before the Legislature.

24. Defendant Nicollelo directed all members of the public except for the Press to step back from the railing while the Las Vegas Sands executives were before the Legislature.

25. Defendant Nicollelo then singled Plaintiff McKenna out from the scrum of reporters and asked him and only him specifically to step away from the reporters and to take a seat, despite the fact that he knew that Plaintiff was a reporter who was livestreaming the event.

26. Defendant Nicollelo then directed Defendant Nassau County Police officers to remove Plaintiff McKenna out of the Legislative building.

27. Defendant John Doe Officer merely pushed him and escorted him out of the room and out of the building without asking about press credentials.

## Count I

**Violation of the First Amendment of the United States Constitution and
<u>Threats to the Plaintiffs' Freedom of Speech</u>**

28.     The Plaintiffs adopt and incorporates by reference paragraphs "1" through "27" as if fully stated.

29.     The First Amendment of the United States Constitution guarantees individuals the right to free speech and association.

30.     All the actions taken against Mr. McKenna are in retaliation for his investigative journalism and for his statements concerning the publication of the meeting.

31.     The Defendants either intentionally, recklessly, or with callous indifference to the federally protected rights of the Plaintiffs have threatened, silenced, or chilled their rights to freedom of speech and association by the improper ejecection of Plaintiff allowing for the arbitrary expulsion and arrest of those journalist covering Nassau County Legislative Meetings.

32.     The Defendants' policies were established causing irreparable harm to the federally protected rights of the Plaintiffs' freedom of press and were intended to harass, threaten, silence, and chill these constitutional rights by granting broad powers to the presiding officer to expel on a whim.

33.     Further, the enforcement of the Defendants' directives threatens to deprive the Plaintiff and others similarly situated of their First Amendment Rights.

34.     An actual live controversy exists between the Plaintiff and the Defendants in which the parties have genuine and opposing interests that are direct and substantial and of which a judicial determination will be final and conclusive.

35.     The Plaintiff requests this Court to issue declaratory and injunctive relief under 42 U.S.C. §1983 to cease and prevent the Defendants' conduct of intentional, reckless, and

oppressive disregard of Plaintiffs' First Amendment rights, and further award appropriate monetary damages against the Defendants, , inclusive of costs, attorney fees, and any other relief as this Court deems justified.

## COUNT II

**Violations of Rights Secured by the Equal Protection Clause o the Fourteenth Amendment**

36. The Plaintiffs adopts and incorporates by reference paragraphs "1" through "35" as if fully stated.

37. At all times relevant herein, Defendants are policy makers.

38. The acts and omissions of Defendants were so culpable as to constitute authorization of, and acquiescence in, the unlawful conduct.

39. Defendants are vicariously liable.

40. Defendants acts and omissions constituted a custom, practice, and policy of Plaintiffs' constitutional rights secured by the Equal Protection Clause of the Fourteenth Amendment.

41. Defendants acts were intentional, malicious, willful, wanton, obdurate, and in gross and reckless disregard of Plaintiffs constitutional rights.

## Count III

**Violation of Article 1 § 8 of the New York State Constitution of Freedom of Speech and Association and Threats to Plaintiffs' Freedom of Speech**

42. The Plaintiffs adopts and incorporates by reference paragraphs "1" through 41" as if fully stated.

43. Article 1 § 8 of the New York State Constitution guarantees individuals the right to free speech, association and free press.

44. The Defendants either intentionally, recklessly or with callous indifference to New York's constitutionally protected rights of the Plaintiff have threatened, silenced, or chilled his rights to freedom of speech and association by the improper adoption of policies prohibiting a broad range of speech and the free Press.

45. The Defendants' policies were established causing irreparable harm to New York State's constitutionally protected rights of the Plaintiffs freedom of speech and association, to harass, threaten, silence, and chill these constitutional rights.

46. Further, the enforcement of the Defendants' directives threatens to deprive the Plaintiffs of their right to free speech without due process of law.

47. An actual live controversy exists between the Plaintiffs and the Defendants in which the parties have genuine and opposing interests that are direct and substantial and of which a judicial determination will be final and conclusive.

48. Plaintiffs request this Court to declare under the New York State Constitution that the Defendants have violated constitutionally protected rights and enjoin them to cease and prevent them from conducting any intentional, reckless, and oppressive act resulting in the disregard of Plaintiff's rights to freedom of speech and association, and award appropriate monetary damages, against the Defendants inclusive of costs, attorney fees, and any other relief as this Court deems justified.

<u>JURY DEMAND</u>

49. Plaintiffs demand a jury trial.

REQUEST FOR RELIEF

1. Plaintiffs have no adequate legal, administrative, or other remedy by which to prevent or minimize the continuing and threatened irreparable harm from the Defendants' present and threatened irreparable harm to their constitutional rights.

2. An actual live controversy exists between the Plaintiffs and the Defendants in which the parties have genuine and opposing interests that are direct and substantial and of which a judicial determination will be final and conclusive.

3. The Plaintiffs have a likelihood of success on the merits of their claims.

4. The public interest and equities favor entry of a court order granting the Plaintiffs the following described declaratory relief, as well as temporary, preliminary, and permanent injunctive relief

WHEREFORE, the Plaintiff prayer fully request that this Court:

A. Declare that the Defendants are acting in violation of the First Amendment of the United States Constitution;

B. Declare that the Defendants are acting in violation of Article 1 § 8 of the New York State Constitution;

C. Declare that Defendants arbitrary decision making process determining who and who is not a journalist *ad hoc* basis is unconstitutional under the United States Constitution and the New York State Constitution;

D. Enjoin all of the Defendants from the enforcement of policies preventing any journalist from freely speaking at Nassau County Legislative Meetings;

E. Order all of the Defendants to immediately provide training and instruction on New York State Open Government Laws;

F. Award compensatory damages and punitive damages against Defendants;

G.     Award Plaintiffs their reasonable attorney fees, litigation expenses, and costs as allowed under 42 U.S.C. § 1988, and other applicable laws, and grant such other relief as this Court deems just to the Plaintiffs and their attorneys.

Respectfully submitted,
**Clarke and Fellows**

By: /S/Jonathan Clarke
Jonathan C. Clarke
136 Gazza Blvd.
Farmingdale, New York
516-325-3889
*Attorney for Plaintiffs*